**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ISRAEL JIMOH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GINA M. RAIMONDO,<br><br>　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-11281 (KMW-MJS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Israel Jimoh's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 4) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his average monthly income is $4,000.00 and his average monthly expenses are approximately $4,150.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's discretionary income is modest, the Court grants the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

Plaintiff brings this action against Gina M. Raimondo, the United States Secretary of Commerce. (ECF No. 1 at 2). Plaintiff alleges that he is or was employed by the United States Census Bureau's Area Census Office located in Egg Harbor, New Jersey. (*Id.* at 3). Plaintiff's Complaint indicates that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") or Plaintiff's "Equal Employment Opportunity counselor" on July 22, 2020. (*Id.* at 6). While Plaintiff asserts that the EEOC issued a Notice of Right to Sue letter on September 20, 2024, he did not attach such a letter to his Complaint as instructed by the District of New Jersey's "Complaint for Employment Discrimination" form. (*Id.* at 4).

Plaintiff alleges in his EEOC intake form submitted with his Complaint that on June 26, 2020, he "was on the computer at a desk that [he] normally sit[s] at in the office" when the recruiting manager told him that the manager of Plaintiff's office, Pamela Miller, instructed him to tell Plaintiff to give up his seat to Frank Walker—a Caucasian manager who came into the office after Plaintiff. (*Id.* at 9). Plaintiff alleges that he asked why he had to move and where Ms. Miller wanted him to sit, to which the recruiting manager replied that Plaintiff had to ask Ms. Miller. (*Id.*) Plaintiff alleges that he did not give up his seat and Mr. Walker simply "found another seat." (*Id.*)

Plaintiff's Complaint includes a section comprised of several incomplete sentences purportedly alleging the "facts of [Plaintiff's] case." (*Id.* at 6). The only discernible allegation therein is that "[o]n July 13, and July 15, 2020," Plaintiff "was asked to give up [his] seat to Frank Walker again . . . ." (*Id.*) Plaintiff further alleges that these alleged acts are not still being committed against him. (*Id.* at 5). Plaintiff alleges that this conduct amounted to harassment and retaliation. (*Id.*) Plaintiff seeks compensatory and punitive damages in the aggregate amount of $40,000.00

2

for "pain and emotional distress" and to punish the "egregious behavior" by his employer, which Plaintiff alleges "negatively affected" his "confidence level" and "contributes to low self-esteem." (*Id.* at 7).[2]

Under Title VII, a complainant alleging race discrimination in employment must file a charge with the EEOC, which is then required to investigate the charge. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). "If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant, *see* 42 U.S.C. § 2000e–5(f)(1), generally through the issuance of a 'right-to-sue' letter, in which the EEOC states that it sees no reason to take action on the complaint." *Id.* at 470. After 180 days, the complainant on his own may also request a right-to-sue letter which the EEOC must issue promptly on request. *Id.* "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.* (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999); *see also Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)) ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan.'").

"A complainant may not bring a Title VII suit without having first received a right-to-sue letter. . . . Without that final agency action, the complainant has not exhausted his administrative remedies and cannot bring suit." *Burgh*, 251 F.3d at 470; *see Anjelino*, 200 F.3d at 87. "Nonexhaustion constitutes a possible ground for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Phillips v. Sheraton Soc'y Hill*, 163 F. App'x 93, 94 (3d Cir. 2005) (citing *Anjelino*, 200 F.3d at 88). However, "[e]ven when a plaintiff does not seek leave

---

[2] Plaintiff does not allege that he was wrongfully terminated or denied a promotion. (*See generally* ECF No. 1).

to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." *Id.* (reversing district court's *sua sponte* dismissal with prejudice of the *pro se* plaintiff's complaint filed without notice of right-to-sue letter attached and holding that the court should have afforded plaintiff the opportunity to amend his Complaint).

To plead any claim pursuant to Title VII, 42 U.S.C. § 1981, a plaintiff must establish that he is a member of a protected class "based on race, color, religion, sex, or national origin." *McClaren v. N.J. State Dep't of Educ.*, No. 14-3213 (FLW), 2015 WL 337481, at *5 (D.N.J. Jan. 26, 2015). A plaintiff's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although Federal Rule of Civil Procedure 8's ('Rule 8') requirements likewise apply 'flexibl[y]' to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is 'not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*.'" *Rosario v. Middlesex County Prosecutor's Office*, No. CV 23-20854 (RK) (JTQ), 2024 WL 5153276, at *3 (D.N.J. Dec. 18, 2024); *see Burns v. Cath. Health*, No. CV 16-1661, 2016 WL 1385676, at *1 (D.N.J. Apr. 7, 2016) ("The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"). Dismissal is appropriate where "the complaint does not address [the p]laintiff's race, religion, ethnicity, or any fact that would establish he is a member of a Title VII protected class." *Burns*, 2016 WL 1385676, at *2.

Here, Plaintiff's Complaint includes only bald, conclusory assertions that he was discriminated against based on his "race," "color," and "national origin." (ECF No. 1 at 5). Yet Plaintiff does not specifically allege his racial identity or national origin, nor any fact that would establish his race or national origin to qualify him as a member of a protected class. *See McClaren*,

2015 WL 337481, at *5; *Burns*, 2016 WL 1385676, at *2. Moreover, the Court finds that Plaintiff does not plausibly allege that he was subject to adverse employment action on the basis of his status as a member of a protected class. (*See generally* ECF No. 1). Instead, Plaintiff offers several incomplete sentences that allege Plaintiff was asked to move from an unassigned seat and refused to do so. (*Id.*) Without more, the Court finds that Plaintiff has failed to state a plausible Title VII claim for which relief may be granted. *See McClaren*, 2015 WL 337481, at *5; *Burns*, 2016 WL 1385676, at *2; *Rosario*, 2024 WL 5153276, at *3.

Furthermore, Plaintiff has not attached to his Complaint a copy of his alleged Notice of Right-to-Sue letter and his Complaint does not contain specific allegations demonstrating that Plaintiff properly exhausted his administrative remedies. (*See generally* ECF No. 1). Plaintiff cannot "bring a Title VII suit without having first received a right-to-sue letter," without which "he has not exhausted his administrative remedies." *Burgh*, 251 F.3d at 470; *see Phillips*, 163 F. App'x at 94.

Accordingly, the Court will dismiss the Complaint without prejudice to Plaintiff's ability to file an amended Complaint. Therefore,

IT IS HEREBY on this **31st** day of **December**, 2024

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

5

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

                                                KAREN M. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE