**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| ISRAEL JIMOH, <br><br> Plaintiff, <br><br> v. <br><br> GINA M. RAIMONDO, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> No. 24-11281 (KMW-MJS) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Israel Jimoh's ("Plaintiff")

Amended Complaint (ECF No. 8) filed pursuant to 28 U.S.C. § 1915(a)(1); and

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1]

and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Amended

Complaint is dismissed with prejudice.

Plaintiff brings this action against Defendant Gina M. Raimondo ("Raimondo"), the former

United States Secretary of Commerce, and Owan Tullouch ("Tullouch"), an area manager for the

U.S. Department of Commerce's Census Bureau. (ECF No. 8 at 2-3.) Plaintiff alleges that he is a

black African American who was employed as a Census Field Manager from June 2019 to August

2020 by the U.S. Census Bureau's Area Census Office located in Egg Harbor, New Jersey. (*Id.* at

3.)

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

In his Amended Complaint, Plaintiff alleges that Tulloch, one of his direct supervisors, was not aware that some employees were working from home while others were working in the office five days a week. (*Id.*) Plaintiff alleges that when he began his employment, Plaintiff chose a desk for himself, and everyone had their own desk. (*Id.*) Upon realizing that he and a white employee named Jay Smith were the only managers coming into the office five days per week, Plaintiff allegedly wrote an email dated May 11, 2020 to the white branch manager, identified merely as "Pamela." (*Id.*) Thereafter, Plaintiff alleges that he spoke to Tulloch, who was surprised to learn that some managers were still working from home. (*Id.*)

Plaintiff contends that his harassment began on June 26, 2020, when Pamela told an employee named Jay Smith to tell Plaintiff to give up his seat to Frank Walker, the white recruitment manager, without explanation. (*Id.* at 4.) Then, on July 2, 2020, Plaintiff received a text message from his immediate supervisor, Marily Voshell—who Plaintiff notes is of "mixed race"— again directing Plaintiff to give up his seat to Frank Walker. (*Id.*) On July 13, 2020, Megan Mercado, a "white Hispanic" administrative manager, informed Plaintiff that she and Pamela decided that it would be better for the Recruitment Department to be at Plaintiff's desk. (*Id.*) On July 24, 2020, Plaintiff found another employee sitting at his desk and complained to Tulloch, after Tulloch assured Plaintiff that all employees were told the seat belonged to Plaintiff. (*Id.*) Plaintiff alleges that by "August 15, 2020, the toxic environment was unbearable and impacting my medical condition, and my employment was finally terminated because I could not return to work." (*Id.*)

Plaintiff asserts three causes of action in his Amended Complaint. Plaintiff's first cause of action alleges violation of 42 U.S.C. § 1981 against Defendants for allegedly subjecting Plaintiff to retaliation for his "protected complaints and opposition to the discriminatory schedule," where all managers working from home were white, Hispanic, or mixed race. (*Id.* at 5.) Plaintiff's second

cause of action asserts that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") "by subjecting him to disparate treatment because of his race by, *inter alia*, terminating Plaintiff's employment with the Company." (*Id.* at 5-6.) Plaintiff's third cause of action further asserts that Defendants violated the NJLAD by retaliating against him for his protected complaints by terminating Plaintiff. (*Id.* at 6-7.)  Plaintiff seeks monetary damages and an injunction "permanently restraining Defendants from engaging in such unlawful conduct." (*Id.* at 8.)

42 U.S.C. § 1981 provides that "all persons . . . shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). Making and enforcing contracts includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at § 1981(b). "To prevail on a Section 1981 claim, a plaintiff must prove (1) that she is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned an activity enumerated under the statute, namely making and enforcing contracts." *Brumfield v. Atl. City Hous. Auth.*, No. 21-CV-16061, 2025 WL 227311, at *4–5 (D.N.J. Jan. 17, 2025).

Section 1981 does not create a private right of action. *Ford v. Southeastern Pa. Transp. Auth.*, 374 F. App'x 325, 326 (3d Cir. 2010); *see McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Rather, "while § 1981 creates rights, § 1983 provides the remedy to enforce those rights against state actors." *McGovern*, 554 F.3d at 116; *see also Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 723 (1989) (holding that the exclusive federal remedy against state actors for violations of rights guaranteed in § 1981 is 42 U.S.C. § 1983). Section 1983, in turn, provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

"In order to establish *prima facie* [§ 1983] case, a plaintiff must show that (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States." *Soobzokov v. Holder*, No. CIV. 10-6260, 2011 WL 2293853, at *6 (D.N.J. June 7, 2011), *aff'd sub nom. Soobzokov v. Att'y Gen. of U.S.*, 515 F. App'x 98 (3d Cir. 2013). "A civil rights action brought pursuant to section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 F. App'x 814, 816 (3d Cir. 2009). "Consequently, Section 1983 does not apply to the federal government or its officers in their official capacities."[2] *Id.* (citing *Wheeldin v. Wheeler*, 373 U.S. 647, 649 (1963)); *see also Bey v. Bruey*, No. 09-1092, 2009 WL 961411, at *5 (D.N.J. Apr. 8, 2009) ("[The plaintiff] has named only federal officers or employees, so his Section 1983 claim lacks merit and must be dismissed.").

"The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "In New Jersey that statute is N.J.S.A. 2A:14–2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).

---

[2] Federal officers may be sued under Section 1983 only if they act in concert with local or state officials to violate the Constitution or laws of the United States. *See Dumbrowski v. Eastland*, 387 U.S. 82, 83 (1967). That exception is inapplicable here, as Plaintiff does not allege that Defendants acted in concert with any state or local officials.

The analog to § 1983 claim for federal officers or employees is a *Bivens* action. In *Bivens, v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971), "the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages." *Bey*, 2009 WL 961411, at *5. Like § 1983 claims, *Bivens* actions are subject to a two-year statute of limitations in New Jersey. *Torruella-Torres v. Fort Dix FCI*, 678 F. App'x 59, 60 (3d Cir. 2017).

A plaintiff's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although Federal Rule of Civil Procedure 8's ('Rule 8') requirements likewise apply 'flexibl[y]' to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is 'not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*.'" *Rosario v. Middlesex County Prosecutor's Office*, No. CV 23-20854 (RK) (JTQ), 2024 WL 5153276, at *3 (D.N.J. Dec. 18, 2024); *see Burns v. Cath. Health*, No. CV 16-1661, 2016 WL 1385676, at *1 (D.N.J. Apr. 7, 2016) ("The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'").

Here, the Court finds that Plaintiff has failed to plead a cause of action based on an alleged violation of § 1981 on several grounds. First, Plaintiff does not assert his first cause of action pursuant to § 1983 or *Bivens*, and § 1981 does not confer a private right of action. *See Ford*, 374 F. App'x at 326; *see McGovern*, 554 F.3d at 121. Second, as Defendants are federal employees who Plaintiff does not allege acted under color of state law, Defendants are not subject to § 1983 liability. *See Boyd*, 346 F. App'x at 816; *Soobzokov*, 2011 WL 2293853, at *6. Third, Plaintiff does not allege that the discrimination concerned the activity enumerated under § 1981, "namely making and enforcing contracts." *Brumfield*, 2025 WL 227311, at *4–5. Finally, as all of Plaintiff's

5

factual allegations relate to events and injuries that occurred nearly five years ago, in 2020, the Court finds that Plaintiff's first cause of action is time-barred. *See Torruella-Torres*, 678 F. App'x at 60; *Cito*, 892 F.2d at 25.

Similarly, as "the statute of limitations for claims asserted under the [NJ]LAD is two years, based on New Jersey's personal injury statute of limitations," Plaintiff's second and third causes of action asserting violations of NJLAD are also time-barred. *Hall v. St. Joseph's Hosp.*, 343 N.J. Super. 88, 100 (App. Div. 2001). Thus, Plaintiff will not be permitted to file an Amended Complaint renewing his § 1981 and NJLAD claims because amendment would be futile.

Accordingly, the Court will dismiss the Complaint with prejudice. Therefore,

IT IS HEREBY on this 24 day of **March**, 2025

**ORDERED** that this case be **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE